UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua Omar Simmons,<br><br>Plaintiff,<br><br>v.<br><br>Anthony Vazquez, Jane/John Does 1-16 at el,<br><br>Defendants. | ) | C/A No. 2:25-cv-13744-RMG-MHC<br><br><br><br>**REPORT AND RECOMMENDATION** |

This is a civil action filed by pro se Plaintiff Joshua Omar Simmons. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. On April 15, 2026, Plaintiff filed an Amended Complaint. ECF No. 6.

In a Proper Form and Notice to Amend Order dated June 11, 2026, Plaintiff was directed to bring his case into proper form by paying the filing fee or providing the specified document. Plaintiff was also notified of pleading deficiencies in his Amended Complaint and given the opportunity to file a second amended complaint. *See* ECF No. 7. The time for Plaintiff to bring his case into proper form has passed, Plaintiff has failed to bring his case into proper form, and he has not filed a second amended complaint.

## I. BACKGROUND

Plaintiff was a pretrial detainee at the time he filed this action. He appears to have been released on bond and does not appear to be detained at this time. *See* ECF No. 5.

In his Amended Complaint, Plaintiff brings claims against Charleston Police Officer Anthony Vazquez (Vazquez) and "John/Jane Does 1-16 at el" (John/Jane Does 1-16)." He fails to

include a "facts" section in his Amended Complaint. In his only allegations as to Vazquez,[1] Plaintiff claims that Vazquez approached his vehicle (the date this allegedly occurred is not stated), Plaintiff was ordered to lower the window, and Plaintiff was detained. Plaintiff claims that he was detained "**without reasonable articulable suspicion** of criminal activity." ECF No. 6 at 1 (emphasis in original).

Plaintiff lists his causes of action as (1) unlawful seizure, (2) illegal investigatory stop, (3) illegal search of vehicle, (4) illegal search of person, (5) false arrest, (6) malicious prosecution, (7) fabrication of probable cause, (8) failure to intervene, (9) civil rights conspiracy under 42 U.S.C. § 1985, and (10) deprivation of liberty without due process. ECF No. 1 at 1-6. He also appears to be attempting to assert numerous claims under South Carolina law. *Id.* at 6-9. Plaintiff requests declaratory relief and monetary damages. *Id.* at 8-9.

Records from Charleston County indicate that Plaintiff was arrested in September 2025, on charges of drugs/trafficking in cocaine, 10 g or more, but less than 28 g - 2nd offense (case number 2025A1010205490, indictment number 2025GS1005896); drugs/possession of 28 g (1 oz) or less of marijuana or 10g – 2nd or subsequent offense (case number 2025A1010205491, indictment number 2025GS1005895); possession of a weapon during a violent crime (case number 2025A1010205492, indictment number 2025GS1005898); possession of firearm or ammunition by person convicted of certain crimes – first offense (case number 2025A1010205495, indictment number 2025GS1005897); and contributing to the delinquency of a minor (case number 2025A102100757, indictment number 2025GS1005899). All these charges were true bill indicted on December 8, 2025. *See* Charleston County Public Index,

[1] Plaintiff refers to "Defendant" and "officers," in numerous places, but named more than one Defendant such that it is unclear to which Defendant he refers.

https://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx [search case numbers listed above] (last visited July 26, 2026).[2]

## II. STANDARD OF REVIEW

A pro se Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

---

[2] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

## III. DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A. Abstention

To the extent Plaintiff is challenging pending criminal charges, such claims are subject to summary dismissal because they are not properly before this Court based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (*citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

As noted above, records from Charleston County indicate that Plaintiff has pending criminal charges such that the first prong is met. *See Boyd v. South Carolina*, No. 1:11-cv-02981-TMC-SVH, 2012 WL 786341, at *2 (D.S.C. Feb. 10, 2012), *report and recommendation adopted*, 2012 WL 786356 (D.S.C. Mar. 9, 2012) (noting the first prong of the abstention test is satisfied where the petitioner "is currently awaiting trial in an ongoing state criminal proceeding"). The second criterion has been addressed by the Supreme Court's holding that "the States' interest in administering their criminal justice systems free from federal interference is one of the most

powerful of the considerations that should influence a court considering equitable types of relief[,]" *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, the third criterion is satisfied because Plaintiff can address his claims in his pending criminal proceedings. *Gilliam*, 75 F.3d at 904 (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights") (referencing *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Because Plaintiff's case meets all three criteria for abstention under *Younger*, federal relief is available under § 1983 only if "special circumstances" justify the provision of federal review. *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987). Here, Plaintiff has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017) ("A federal court may disregard *Young's* mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Therefore, to the extent Plaintiff seeks to have this Court interfere with his pending criminal charges, this Court should abstain from hearing this action.

Federal courts typically stay rather than dismiss claims for money damages during the pendency of the state court proceedings. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). However, dismissal rather than a stay is appropriate when the plaintiff's damages claims are "plainly barred" for other reasons. *See Nivens v. Gilchrist*, 444 F.3d 237, 248–50 (4th Cir. 2006). Even if this action is not barred under *Younger*, it is subject to summary dismissal for the reasons set forth below.

B. <u>Failure to State a Claim</u>

This action should also be dismissed for Plaintiff's failure to state a claim against the named Defendants. Although Plaintiff lists Defendants' names in the caption of his Amended Complaint, his pleadings fail to provide any specific facts to support a claim that the named Defendants

violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

Plaintiff asserts that Defendant Vazquez "approached and surrounded Plaintiff's vehicle" but fails to allege facts to state any cognizable claim against Vazquez. Plaintiff has alleged no facts against Defendants John/Jane Does 1-16. In his Amended Complaint, Plaintiff alleges that "Officers" took certain actions without identifying the Defendant or Defendants that allegedly took the alleged actions. As recently recognized by the Fourth Circuit, "[l]umping defendants together won't do" and a plaintiff who makes collective allegations against defendants "without specifying how each individual interacted with [or] bore responsibility for the alleged constitutional deprivation--has not stated a plausible claim against any defendant." *Rice v. Adams*, 172 F.4th 428, 432 (4th Cir. 2026); *see also Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023) ("[W]e do not require a complaint to contain detailed factual allegations. But we do require sufficient facts to allow the court to infer liability as to each defendant. This is baked into Rule 8's requirement that the complaint 'show' the plaintiff is entitled to relief.") (internal citations and quotation marks omitted).

Section 1983 actions premised on an unlawful search, malicious prosecution, false arrest, and/or false imprisonment are analyzed under the Fourth Amendment. *See, e.g., Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton,* 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). However, "an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975)); *see also Provet v. South Carolina,* No. 6:07-cv-001094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (section 1983 claims of false arrest and malicious prosecution were precluded because of indictment); *United States v. Currence*, 446 F.3d 554, 556 (4th Cir. 2006) (holding that "when law enforcement officers have probable cause to make a lawful custodial arrest, they may — incident to that arrest and without a warrant — search the arrestee's person and the area within his immediate control" (internal quotations and citations omitted)). As noted above, Charleston County records indicate that the September 2025 charges were true bill indicted. Thus, these indictments bar Plaintiff's Fourth Amendment claims for unlawful search, false arrest, false imprisonment, and/or malicious prosecution.

Additionally, any claim for malicious prosecution is subject to summary dismissal because Plaintiff has not alleged that the September 2025 criminal charges terminated in his favor. To state a claim for malicious prosecution under § 1983, Plaintiff must allege that: (1) the defendant seized him pursuant to legal process (e.g., a warrant) not supported by probable cause and (2) the criminal proceedings have terminated in his favor. *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017); *see Thompson v. Clark*, 596 U.S. 36, 39 (2022) (explaining the favorable termination element requires

a plaintiff to "show that the criminal prosecution ended without a conviction"). As noted above, Plaintiff's September 2025 criminal charges are pending.

Plaintiff also asserts there was a civil rights conspiracy in violation of 42 U.S.C. § 1985 (§ 1985). In support of this, he only alleges that "multiple officers coordinated the stop and search." ECF No. 6 at 5. Section 1985(3) imposes liability on "two or more persons" who "conspire ... for the purpose of depriving ... any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under § 1985(3), Plaintiff must allege:

> (1) a conspiracy of two or more persons; (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). Plaintiff cannot merely allege in a conclusory manner that defendants violated § 1985; instead, he must "show an agreement or a meeting of the minds by the defendants to violate the plaintiff's constitutional rights." *Id.* Conclusory allegations will not suffice: the Fourth Circuit "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner[.]" *Id.* at 346 (quoting *Simmons*). Plaintiff has only made a conclusory allegation that fails to state a claim under § 1985(3).

C. State Law Claims

Plaintiff also appears to be attempting to allege claims under South Carolina law. However, as Plaintiff fails to state any federal claim, only the state law claims would remain, and federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *See* 28 U.S.C. §1367; *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998). Of course, a district court may have jurisdiction of a

civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States..." 28 U.S.C. § 1332. However, Plaintiff has not alleged complete diversity of the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side). Complete diversity between the plaintiff and defendants must exist at the time the complaint is filed. *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004); *Hardaway v. Checkers Drive-In Restaurants, Inc.*, 483 F. App'x 854, 855 (4th Cir. 2012). Here, Plaintiff and Defendants all appear to be citizens of South Carolina.

Plaintiff has asserted no valid federal claim and there is no diversity jurisdiction, such that this Court should not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case); *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

D. Failure to Bring Case into Proper Form

As noted above, Plaintiff has also failed to bring this case into proper form. In the Court's Proper Form Order, Plaintiff was given the opportunity to bring his case into proper form by paying the filing fee or submitting a fully completed and signed Application to Proceed Without Prepayment of Fees and Affidavit (Form AO-240).[3] Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Proper Form Order would subject the case to dismissal. *See* ECF No. 7.

[3] Plaintiff previously filed an incomplete Form AO-240 in which he failed to answer questions 2 and 3. *See* ECF No. 2 at 1.

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide the required item to bring his case into proper form or respond to the Proper Form Order in any way. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[4] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

July 27, 2026
Charleston, South Carolina

[4] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).