**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Joshua Omar Simmons,<br><br>Plaintiff,<br>v.<br><br>Anthony Vazquez, Jane/John Does 1-16 *et seq.*,<br><br>Defendants. | Case No. 2:25-13744-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court summarily dismiss Plaintiff's Amended Complaint. (Dkt. No. 10). Plaintiff was advised that he had 14 days to file written objections and a failure to timely file written objections would result in clear error review and a waiver of the right to appeal the District Court's order.(*Id*. at 11). Plaintiff filed no timely objections.

**I. Background**

Plaintiff, who was a pretrial detainee at the time he filed this pro se action, filed an amended complaint asserting various constitutional and state law claims arising out of a traffic stop conducted by the only individually named Defendant, Officer Anthony Vazquez. Public records show that Plaintiff was arrested on September 18, 2025 on various drug and firearm offenses. A Charleston County Grand Jury indicted Plaintiff on these charges on December 8, 2025. These charges are still pending. (Dkt. No. 10 at 2-3).

Plaintiff asserts claims for (1) unlawful seizure, (2) illegal investigatory stop, (3) illegal search of vehicle, (4) illegal search of person, (5) false arrest, (6) malicious prosecution, (7) fabrication of probable cause, (8) failure to intervene, (9) civil rights conspiracy under 42 U.S.C. § 1985, (10) deprivation of liberty without due process, (11) false imprisonment, (12) assault, (13) battery, (14)

negligence, (15) gross negligence, and (16) intentional infliction of emotional distress. (Dkt. No. 6).

The Magistrate Judge recommended that this action be summarily dismissed on a variety of different grounds, including *Younger* abstention. The Magistrate Judge found that because there are pending state criminal charges relating to Plaintiff's civil claims, the Court should abstain from adjudicating the case while the state criminal charges are pending to avoid any interference with ongoing state criminal proceedings. (Dkt. No. 10 at 4-5).

## II. Legal Standard

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R&R to which Petitioner specifically objects. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

**III. Discussion**

The Magistrate Judge correctly determined that Plaintiff's claims are presently barred by the *Younger* abstention doctrine. In *Younger v. Harris*, the United States Supreme Court articulated a strong policy against federal court interference with any pending state judicial proceeding unless extraordinary circumstances so warrant. 401 U.S. 37, 43, 45 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). *Younger* and its progeny have set forth a three-prong test to determine that abstention is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin v. Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

The Magistrate Judge correctly determined that all three elements of the *Younger* abstention test are met in this case. The first prong is satisfied because the Plaintiff is currently involved in ongoing state criminal proceedings. The second prong is met because the proceedings implicate important state interests. A state's interest in "administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S.

36, 49 (1986) (citing *Younger*, 401 U.S. at 44–45). The third prong is met because Plaintiff has an adequate opportunity to raise federal claims in the state proceedings because he can address his claims in his pending criminal proceedings. *Gilliam*, 75 F.3d at 903 (noting that "ordinarily, a pending state prosecution provided the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Thus, the Court finds the Magistrate Judge correctly determined that the *Younger* abstention bars Plaintiff's claims.

The Magistrate Judge correctly determined that none of the narrow exceptions to *Younger* apply to warrant federal review. Since Plaintiff's case meets all three criteria for abstention pursuant to the *Younger* doctrine, federal relief is only available if extraordinary circumstances justify federal review. "*Younger* identifies three exceptions to the court's duty to abstain: (1) 'bad faith or harassment' by state officials responsible for the prosecution; (2) a statute that is 'flagrantly and patently violative of express constitutional prohibitions'; and (3) other 'extraordinary circumstances' or 'unusual situations.'" *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 96 (4th Cir. 2022) (citing *Younger*, 401 U.S. at 49–54). Applying this test, the Fourth Circuit has emphasized that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam,* 75 F.3d at 903 (citing *Younger,* 401 U.S. at 43–44, 54). Here a review of the record and relevant legal authorities shows that none of the exceptions apply to this case.

Since the Court finds that this action is subject to dismissal under the *Younger* abstention doctrine, it is unnecessary to address the remaining grounds the Magistrate Judge provided in the R & R to support the dismissal of this action.

## IV. Conclusion

In light of the foregoing, the Court hereby **ADOPTS** pages 1-5 of the R & R (Dkt. No. 10) as the Order of the Court and **DISMISSES** this action without prejudice, without leave to amend, and without issuance and service of process.

**AND IT IS SO ORDERED.**

_s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

August 17, 2026
Charleston, South Carolina